(October 27, 1939.)

WILLIAM BALS, Respondent, v. CHAMPLAIN COACH LINES, INC., Appellant.

Judgment affirmed, with costs. No opinion.

Present — Martin, P. J., O'Malley, Townley, Dore and Callahan, JJ.; Martin, P. J., and Dore, J., dissent and vote for reversal. Dissenting memoranda by Martin, P. J., and Dore, J.

MARTIN, P. J. (dissenting). The photographs, plaintiff's Exhibit 16 and defendant's Exhibits G and P, coupled with the other evidence, clearly proved the condition of the roadway. It is evident therefrom that the only depression in this roadway was one such as is usually found in roadways of this character. There was no obstruction or substantial defect shown and no actionable negligence established.

I, therefore, dissent and vote for reversal of the judgment and dismissal of the complaint.

DORE, J. (dissenting). I also dissent and vote for reversal of the judgment in plaintiff's favor, but for a new trial, on the ground that the jury's verdict is against the weight of the credible evidence.

FRANCIS W. MARSHALL, Appellant, v. UNITED STATES REVIEW CORPORATION and Others, Respondents.

Order affirmed, with twenty dollars costs and disbursements. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; O'Malley and Untermyer, JJ., dissent and vote to reverse and deny the motion; dissenting opinion by O'Malley, J.

O'MALLEY, J. (dissenting). The question of fair criticism or comment is ordinarily one for a jury and should be left to their judgment even in a doubtful case. (Seelman, Libel and Slander, p. 499, § 593; Odgers on Libel and Slander, [6th ed.] p. 180; Gatley on Libel and Slander, [3d ed.] p. 398; *Triggs* v. *Sun Printing and Publishing Association,* 179 N. Y. 144; *McQuire* v. *Western Morning News Co., Ltd.,* [1903] 2 K. B. 100.)

The opposing affidavits of plaintiff allege facts tending to show bad faith in the very inception, a fact which negatives fair comment; false statements with respect to the contents of the work and attacks upon the plaintiff both as author and lawyer. It must be remembered that this is an order granting summary judgment dismissing the complaint. In my opinion the plaintiff has shown sufficient facts entitling him to prosecute the action. The complaint, therefore, should not have been dismissed in this summary manner upon affidavits. The determination of the issues should await a full adducement of all the facts and surrounding circumstances.

I, accordingly, dissent and vote to reverse the order and to deny the motion.

Untermyer, J., concurs with O'Malley, J.